IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WELLINGTON,

    Plaintiff,

v.                                                        Civ. No. 1:17-cv-00732 JAP/LF

FERNANDO DAZA, SPECIAL AGENT
MARSHALL, SPECIAL AGENT HAND,
UNKNOWN NAME DOE 1, UNKNOWN
NAME DOE 2, UNKNOWN NAME DOE 3,
UNKNOWN NAME DOE 4, and
UNKNOWN NAME DOE 5,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On February 9, 2018, Plaintiff David Wellington filed a Motion for Consolidation of Cases (Motion) (CV Doc. 30) asking the Court to consolidate a motion for return of property under Federal Rule of Criminal Procedure 41(g) that he had filed in District Court case number 17-mr-0186, with this case, which is a *Bivens* action. Defendants, agents with the Internal Revenue Service (IRS), oppose Plaintiff's motion, and the motion has been fully briefed.[1] The Court will deny Plaintiff's motion to consolidate.

## BACKGROUND

This matter arises from the Internal Revenue Service's (IRS) procurement and execution of a search warrant on Plaintiff's property which resulted in seizure of a number of items from Plaintiff's residence including electronic data, books, legal documents, correspondence, and a safe. On July 12, 2017, Plaintiff filed a *pro se* complaint, in accordance with *Bivens v. Six*

---

[1] *See* PLAINTIFF'S MOTION FOR CONSOLIDATION OF CASES (Doc. 30) (Motion); RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE (Doc. 33) (Response); REPLY TO OPPOSITION TO MOTION FOR CONSOLIDATION OF CASES (Doc. 34) (Reply).

1

*Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), against certain IRS agents he claims were involved in procuring and/or executing the search warrant. *See* Complaint (CV Doc. 1). Plaintiff alleges Defendants violated his Fourth and First Amendment rights in the execution of the search warrant that he claims was facially overbroad and invalid. *Id.* On January 24, 2018, this Court stayed proceedings in this case, the *Bivens* action, until April 1, 2018 to allow the Government time to pursue its parallel criminal investigation of Plaintiff. (CV Doc. 28).

District Court Case No. 17-mr-0186 (MR Warrant Case) was created for the purpose of addressing the IRS's warrant application and related materials. Magistrate Judge William P. Lynch issued the warrant on March 10, 2017 (MR Doc. 2), and the affidavit in support of the warrant is under seal in the MR Warrant Case. (MR Doc. 5). IRS agents executed the warrant on March 14, 2017, and the search warrant was returned executed to the Court on March 16, 2017 with an inventory of items seized from Plaintiff's home. (MR Doc. 3). On April 18, 2017, before Plaintiff filed this *Bivens* suit, Plaintiff filed a Motion for Return of Property Seized Under Warrant (MR Doc. 6) (Rule 41(g) Motion), *see* Fed. R. Crim. P. 41(g), in the MR Warrant Case. The parties submitted full briefing on the merits of Plaintiff's claims.[2]

On October 10, 2017, Magistrate Judge Jerry H. Ritter issued a Memorandum Opinion and Order dismissing Plaintiff's Rule 41(g) Motion for lack of jurisdiction without prejudice to allow Plaintiff either (1) to file a separate civil action seeking the return of his property, or (2) to seek leave to amend his complaint in this case which Plaintiff had filed while the Rule 41(g) Motion was pending in the MR Warrant Case. (MR Doc. 14 at 4). Plaintiff appealed Magistrate

---

[2] *See* MOTION FOR RETURN OF PROPERTY SEIZED UNDER WARRANT (MR Doc. 6) (Rule 41(g) Motion); RESPONSE TO MOTION FOR RETURN OF PROPERTY SEIZED UNDER WARRANT (MR Doc. 10) (Resp. Rule 41(g) Mot.); REPLY TO OPPOSITION TO MOTION FOR RETURN OF PROPERTY (MR Doc. 11) (Reply Rule 41(g) Mot.).

Judge Ritter's decision to the United States Court of Appeals for the Tenth Circuit. *See* COA Case No. 17-2205. Following briefing by the parties on jurisdiction, the Tenth Circuit issued an Order dismissing the appeal for lack of appellate jurisdiction and denying Plaintiff's alternative request for a writ of mandamus. *See* Order, COA Case No. 17-2205 (10th Cir. Jan. 8, 2018). The Tenth Circuit concluded that Magistrate Judge Ritter had provided Plaintiff with adequate procedural alternatives to have his claim for return of property heard. *See id*.

But Plaintiff did not pursue either one of the two procedural alternatives discussed by Magistrate Judge Ritter. Rather, Plaintiff filed a motion under Federal Rule of Civil Procedure 42 seeking to consolidate the Rule 41(g) Motion he had filed in the MR Warrant Case with this case. *See generally* Motion. Plaintiff argues under Federal Rule of Civil Procedure 42 that common questions of law and fact exist between the two proceedings to merit consolidation, and that consolidation would avoid unnecessary costs and delay. Motion at 3. Defendants contend that the primary relief requested by Plaintiff's motion for return of property has been satisfied, rendering the present Motion moot. Response at 1. Defendants further argue that any relief requested by Plaintiff beyond the return of property as part of Rule 41(g) is inappropriate under the rule and unsupported by law. *Id*.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 42(a), a district court may consolidate actions that "involve a common question of law or fact." The district court has broad discretion under this rule to grant or deny a motion to consolidate. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). In exercising its discretion, the Court "weigh[s] the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause." *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D. N.M.

1994). Rule 42(a) is intended to give the court broad discretion to decide how cases on its docket are to be administered to promote expedition and economy, while also affording justice to the parties. *Shump*, 574 F.2d at 1344; *see also Servants of the Paraclete*, 866 F. Supp. at 1572.

## DISCUSSION

Plaintiff is asking the Court to incorporate into this *Bivens* action, Case No. 17-cv-732, a single motion he had filed in the MR Warrant Case, 17-mr-186. *See Matter of 2124 Altura Verde Ln NE, Albuquerque, NM 87110*, 17-MR-186. A case created by the clerk's office to house search warrant matters is a case type that does not have a district judge assigned to it, lacks a named defendant, and is not intended to address actions beyond those specifically related to the application for and issuance of the search warrant. In contrast, in this *Bivens* action, Plaintiff seeks relief for alleged violations of his First Amendment and Fourth Amendment rights in the execution of the search warrant. The MR Warrant Case and this case both may involve the search warrant, but are dissimilar in purpose and procedure. Further, Magistrate Judge Ritter correctly determined that he did not have jurisdiction to address a Rule 41(g) Motion and dismissed the motion. Because the Tenth Circuit determined that it lacked appellate jurisdiction to address Plaintiff's appeal, Judge Ritter's decision stands and the "action" Plaintiff seeks to consolidate is no longer pending before the Court. Accordingly, Rule 42 is not an appropriate mechanism for Plaintiff to renew his claims for return of property under Federal Rule of Criminal Procedure 41(g), and the Court will deny Plaintiff's Motion on that ground.

Moreover, even if Rule 42 were the appropriate procedural vehicle for Plaintiff to bring his request for return of property seized as a result of the search warrant, the Court lacks subject matter jurisdiction over Plaintiff's request under Rule 41(g) because it has been rendered moot. "In deciding whether a case is moot, '[t]he crucial question is whether granting a present

determination of the issues offered…will have some effect in the world.'" *Kansas Judicial Review v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) (quoting *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000)). "When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Kansas Judicial Review*, 562 F.3d at 1246. Federal Rule of Criminal Procedure 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return…The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Accordingly, the only relief available to an aggrieved party under Rule 41(g) is return of the seized property with reasonable conditions imposed by the Court to allow the Government to access and use the property in later proceedings. As of February 20, 2018, the Government had returned to Plaintiff all items that were seized pursuant to the search warrant either in their physical tangible form or via copy on an electronic disk.[3]

IT IS THEREFORE ORDERED that PLAINTIFF'S MOTION FOR CONSOLIDATION OF CASES (Doc. 30) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] In his Reply, Plaintiff contends that Defendants failed to present evidence to support their claim that Plaintiff's property was returned to him. (CV Doc. 34). As part of their court-ordered Status Report (CV Doc. 36), Defendants filed evidence demonstrating that Plaintiff now has in his possession all items and copies of the documents the IRS seized. (CV Doc. 36-1). The IRS's retention of original documents as evidence in the parallel criminal investigation cannot be said to aggrieve or cause injury to Plaintiff. *See, e.g. Matter of Search of Kitty's East*, 905 F.2d 1367, 1376 (10th Cir. 1990) (noting that as to business documents seized pursuant to a search warrant, testimony revealed that the government had returned copies of the requested business documents to Kitty's, and the Tenth Circuit could not see how the government's retention of original documents aggrieved Kitty's).