UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID WELLINGTON,**
    Plaintiff,

vs.                                                                                                                                            No. CIV. 17-CV-0732 JAP

**FERNANDO DAZA,**
**SPECIAL AGENT HAND,**
**SPECIAL AGENT MARSHALL,**
**UNKNOWN AGENT 1,**
**UNKNOWN AGENT 2,**
**UNKNOWN AGENT 3**
**UNKNOWN AGENT 4,**
**UNKNOWN AGENT 5,**
    Defendants.

**MEMORANDUM ORDER AND OPINION**

On August 15, 2018, Plaintiff David Wellington filed a motion asking the court to enjoin the Government from retaining or using items seized under a search warrant, arguing agents obtained the items the items unconstitutionally.[1] The Government responded on behalf of Defendants Special Agent (SA) Fernando Daza, SA Gregory Hand, and SA Sean Marshall,[2] and Plaintiff replied.[3]

Because Plaintiff has not met his burden in showing a preliminary injunction is necessary, the Court will deny Plaintiff's Motion.

---

[1] *See* PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Doc. 51) (Motion).
[2] *See* RESPONSE OF THE DEFENDANTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (Doc. 55) (Response).
[3] *See* REPLY TO OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION (Doc. 57) (Reply).

I.       BACKGROUND AND PROCEDURAL HISTORY

The following facts are undisputed except where noted. On March 10, 2017, SA Daza gave an Affidavit and application to United States Magistrate Judge William P. Lynch to obtain a warrant to search the home of Plaintiff on 2124 Altura Verde Lane, Albuquerque NM. Compl. (Doc. 1), Ex. A, p. A-1. Magistrate Judge Lynch granted the application. The application for the warrant indicates that the purpose of the warrant was to seize "fruits and instrumentalities of crimes relating to violations of 26 U.S.C. § 7201 (Attempt to Evade Taxes) and 18 U.S.C. § 371 (Conspiracy) for the time-period of January 1, 2005 through the present. *Id*. at A-4. Included in the list of the items to be seized was "[t]ax defier paraphernalia to include books, instructions manuals and how to pamphlets." *Id*. at A-5.

Agents executed the warrant on March 14, 2017. *Id.* at 5. During the search, the agents seized paper documents, computers, and the electronic records stored on the computers. Compl., Ex. B, General Inventory at B-1-B-4. The parties dispute whether the Affidavit was attached to the Warrant when the agents executed it.

On April 18, 2017, Plaintiff filed a motion for return of his property under Fed. R. Crim. P. 41(g) in miscellaneous case number 17-MR-086 assigned to the warrant application. On October 10, 2017, Magistrate Judge Jerry H. Ritter, denied the motion, after concluding that a United States Magistrate Judge does not have jurisdiction to hear a Rule 41(g) motion.[4] Plaintiff appealed. On January 8, 2018, the Tenth Circuit declined to review Magistrate Judge Ritter's Order, finding that it did not have jurisdiction to review an order entered by a magistrate judge unless the magistrate judge was proceeding with the consent of the parties after designation by a

---

[4] *See* MEMORANDUM OPINION AND ORDER, 1:17-MR-0186 (Doc. 14).

district judge under 28 U.S.C. § 636(c).[5] The Tenth Circuit declined to consider Plaintiff's request for a writ of mandamus.

While Plaintiff's 41(g) motion wound its way through the courts, on July 12, 2017, Plaintiff filed this civil Complaint.[6] The Complaint lists seven causes of action alleging violations of Plaintiff's First and Fourth Amendment rights. Each claim relies on Plaintiff's premise that the warrant executed at Plaintiff's house was a "general warrant" unsupported by probable cause.[7] According to Plaintiff, the warrant further violated his First Amendment rights because the federal agents seized publications, documents, and other information about his associates based solely on the "tax defier" ideas these items expressed. In response to the Complaint, Defendants sought and received an Order from the Court staying the litigation and giving them until April 1, 2018 to answer the Complaint.[8] The Stay Order allowed the Affidavit to remain sealed.

---

[5] *See* Order, Appellate Case No. 17-2205 (10th Cir. January 8, 2018); docketed in district court under No. 1:17-MR-00186 (Doc. 21).
[6] *See* COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES (JURY TRIAL REQUESTED) (Doc. 1) (Compl.).
[7] Specifically, the Claims at issue are:
  Claim 1: Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure because they conducted a general search of his property, seizing items regardless of whether the warrant included them;
  Claim 2: Defendants violated Plaintiff's Fourth Amendment rights to be free of unreasonable search and seizure because the agents conducted a general search of his electronic equipment;
  Claim 4: Defendants violated Plaintiff's Fourth Amendment rights when the agents seized him;
  Claim 5: Defendants violated Plaintiff's First Amendment rights when the agents seized publications based solely on the content and ideas they expressed;
  Claim 6: Defendants violated Plaintiff's First Amendment rights when the agents seized information about Plaintiff's associates;
  Claim 7: The Governments retention of Plaintiff's property violates his Fourth Amendment rights.
*See* Compl. (Doc. 1).
[8] *See* DEFENDANTS' MOTION TO STAY TIME TO ANSWER AND TO STAY LITIGATION FOR SIX MONTHS (Doc. 17) and ORDER GRANTING DEFENDANTS' MOTION TO STAY TIME TO ANSWER AND TO STAY LITIGATION (Doc. 28) (Stay Order).

On February 9, 2018, Plaintiff filed a motion seeking to consolidate the 41(g) case with his Complaint. The motion was fully briefed.[9] The Court denied the motion,[10] finding that it did not have jurisdiction over the 41(g) case. The Court also observed that even if it had jurisdiction over the 41(g) case, the case had been mooted by the return of the Plaintiff's property. Denial Order (Doc. 38) at pp. 4-5.

On April 6, 2018, Plaintiff filed a motion asking the Court to grant him partial summary judgment on his claims that the search warrant was facially invalid and that the Government did not have qualified immunity.[11] The Court denied Plaintiff's motion.[12] In the Summary Judgment Order the Court found that the warrant was not facially invalid as it satisfied the particularity requirement of the Fourth Amendment. Summary Judgment Order (Doc. 46) at 16-17. Because the Court did not have the sealed Affidavit that accompanied the application for the warrant, the Court reserved ruling on the issue of whether the warrant was overbroad and supported by probable cause. *Id.* at 24. The Court further found that the seizure of items specifically related to tax evasion and conspiracy did not violate Plaintiff's First Amendment rights even when described as "tax defier paraphernalia." *Id* at 20-24. Finally, the Court ordered the Government to answer Plaintiff's Complaint, which it did.[13]

## II.  LEGAL STANDARD

"As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *SCFC ILC, Inc. v. Visa USA*., 936 F.2d 1096, 1098 (10th Cir. 1991) (internal

---

[9] *See* PLAINTIFF'S MOTION FOR CONSOLIDATION OF CASES (Doc. 30); RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE (Doc. 33); and REPLY TO OPPOSITION TO MOTION FOR CONSOLIDATION OF CASES (Doc. 34).
[10] See MEMORANDUM OPINION AND ORDER (Doc. 38) (Denial Order).
[11] *See* PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 40).
[12] *See* MEMORANDUM OPINION AND ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 46) (Summary Judgment Order).
[13] *See* ANSWER TO COMPLAINT BY DEFENDANTS DAZA, MARSHALL, AND HAND (Doc. 47).

citation omitted) (overruled on other grounds by *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc)). A movant must show four factors to establish a right to a preliminary injunction: "(1) [he] is substantially likely to succeed on the merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [his] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest." *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012) (alterations in original) (quoting *Beltronics USA, Inc. v. Midwest Inventory Distribution*, L.L.C., 562 F.3d 1067, 1070 (10th Cir. 2009)).

The following three types of preliminary injunction are specifically disfavored: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover after a full trial on the merits. *O Centro Espirita Beneficiente Uniao Do Vegetal*, 389 F.3d at 977. A mandatory preliminary injunction is one that requires the "nonmoving party to take affirmative action". *Attorney Gen. of Oklahoma v. Tyson Foods, Inc.,* 565 F.3d 769, 776 (10th Cir. 2009). "Because mandatory preliminary injunctions are disfavored, before a district court may grant such relief, the movant must make a heightened showing of the above four factors." *Id.* (further citation omitted); *see also RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1209 (10th Cir. 2009) (observing that the burden is on a plaintiff to show that the exigencies of the case needed extraordinary preliminary injunction relief).

### III.  ANALYSIS

Plaintiff rests his request for an injunction on two premises: 1) the search warrant was invalid because it authorized or allowed the seizure of First Amendment protected materials; and 2) the search warrant and/or the Defendants' execution of it violated Plaintiff's First or Fourth

5

Amendment rights. Plaintiff asks the Court to enjoin the Defendants from using or possessing First Amendment protected writings, items implicating his First Amendment associational rights, and items videotaped or photographed during the search that involve his right to privacy.[14] Plaintiff asks the Court to order Defendants to return the originals of all documents seized under the search warrant and to provide any video recordings or photographs taken during the search. Finally, Plaintiff asks the Court to prohibit the government from using any of the seized material in a criminal proceeding. The relief Plaintiff requests asks in part for affirmative action from the government and, therefore, is a request for a disfavored mandatory injunction. Thus, Plaintiff bears the burden of making a heightened showing of the factors. Plaintiff does not meet his burden on either claim.

### A. *The First Amendment Claim*

Plaintiff's First Amendment claim rests on his allegations that the use of the term "tax defier" shows that law enforcement seized tax defier materials from his home based solely on content expressing disagreement with the government's taxing power. He asks the Court to order the government to return the original of all documents seized as tax defier materials as well as any materials implicating Plaintiff's First Amendment associational rights. The Court has already considered this argument and rejected it.

In the Summary Judgment Order, the Court found that although the search warrant described some documents as tax defier materials, the search warrant limited the tax defier definition to those items that were potential evidence of a tax crime. Summary Judgment Order (Doc. 46) at p. 23. In so ruling, the Court necessarily decided that the federal agents did not seize those documents based on or in retaliation for their substantive content. *Id.* Similarly, the Court

---

[14] In this request Plaintiff references inventory items # 15-22 and 25 as well as electronic copies of publications and records showing Plaintiff's associations with others. Motion (Doc. 51) at 17-18.

found that the execution of the warrant did not implicate Plaintiff's First Amendment freedom to associate and his right to privacy because the warrant limited all seized items to evidence of tax evasion and conspiracy. *Id.* at 21. Additionally, in its Denial Order, the Court ruled that the government's retention of either the originals or copies of seized documents does not violate Plaintiff's rights and does not constitute an ongoing harm as the government has returned either the original or copies of all seized materials.

In his Motion, Plaintiff raises a new argument: he alleges that a preliminary hearing was a necessary precedent to seizure of materials described in a search warrant as tax defier documents. He further asks to amend his Complaint to include this allegation. In their Response, Defendants object to this argument because Plaintiff raises it for this first time in his Motion and thereby asks for relief on a claim not in the Complaint. As the Court has already found that agents seized items as evidence of a crime and not based on expressive content, Plaintiff's First Amendment rights are not implicated, and the Court will not address this argument further here.

### B. *The Fourth Amendment Claim*

In his second claim, Plaintiff alleges that federal agents violated his Fourth Amendment rights through an unconstitutional search and on those grounds asks for a preliminary injunction forbidding the government from using any seized materials in a future criminal proceeding. "'[B]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements' will be considered." *First Western Capital Management Company v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (quotations omitted). "[A] plaintiff satisfies the irreparable harm requirement by demonstrating 'a significant risk that he or

she will experience harm that cannot be compensated after the fact by monetary damages.'" *RoDa Drilling Co.*, 552 F.3d at 1210 (quoting *Greater Yellowstone Coal v. Flowers*, 321 F.3d 1250, 1258 (10th Cir. 2003)) (further citation omitted). The harm cannot be speculative; the injury must be "'certain, great, actual and not theoretical.'" *New Mexico Dep't of Game & Fish v. United States Dep't of the Interior*, 854 F.3d 1236, 1251 (10th Cir. 2017) (quoting *Heideman v. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). If a plaintiff does not show the irreparable injury requirement, a court need not address the other preliminary injunction factors. *Id.* at 1250.

Citing *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1128 (10th Cir. 2013), Plaintiff argues that any violation of an asserted First Amendment constitutional right is per se evidence of constitutional harm. If such a presumption were adopted, in effect it would relax the Plaintiff's burden on this factor, thereby creating a modified test. While the Tenth Circuit has applied a modified test in the past, it recently concluded that *Winter v. Natural Resources Defense Counsel*, 555 U.S. 7, 22 (2008) abrogated the modified approach. *See Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016) (explaining "any modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible."). Even if the modified test still applied, it would not help Plaintiff because he argues this presumption only as to the claimed violation of Plaintiff's First Amendment rights, not his Fourth Amendment rights. The Court has found that the execution of the warrant did not violate Plaintiff's First Amendment rights.

Next, Plaintiff contends an unconstitutional search creates a prospective harm because the government may use unconstitutionally obtained evidence in a future criminal prosecution. A threat of future criminal proceedings is speculative and so does not constitute a harm sufficient to

satisfy Plaintiff's burden of establishing the likelihood of irreparable harm.[15] Moreover, the Supreme Court has stated that use of evidence obtained in violation of the Fourth Amendment does not itself violate the Constitution. *Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 361 (1988).

Because the Plaintiff has not met his heightened burden in establishing irreparable harm on his First Amendment Claim or his Fourth Amendment Claim, the Court will deny Plaintiff's request for a preliminary injunction.

IT IS THEREFORE ORDERED THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (Doc. 51) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[15] Defendants also argue that Plaintiff's Motion is improper as to them because if the Court granted Plaintiff's request for a preliminary injunction, they could not comply with it as it is the government that holds the seized materials and not them individually. Because the Court has decided the Motion on other grounds, it will not address that argument here.