IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WELLINGTON,

Plaintiff,                                                      Civ. No. 17-732 JAP/LF

v.

FERNANDO DAZA, et al.,

Defendants.


**MEMORANDUM OPINION AND ORDER**

On July 14, 2020, Plaintiff David Wellington, proceeding pro se, filed a MOTION FOR LEAVE TO AMEND COMPLAINT ("Motion") (Doc. 116). The United States opposes the Motion. *See* RESPONSE TO PLAINTIFF'S RENEWED MOTION TO AMEND COMPLAINT (Doc. 117). The Court will grant in part and deny in part Plaintiff's Motion.

BACKGROUND

On July 12, 2017, Plaintiff filed a *Bivens* action against federal agents, including Fernando Daza and Gregory Hand. Plaintiff alleged violations of his constitutional rights arising from a search of his person and residence, and a subsequent seizure, in March 2017. *See* COMPLAINT (Doc. 1). Plaintiff sought both damages and injunctive relief. *Id.* On January 30, 2019, the Court denied Plaintiff's request for a preliminary injunction. *See* Jan. 30, 2019, MEMORANDUM OPINION AND ORDER (Doc. 68). Several months later, the Court granted Defendants' motion for partial summary judgment based on qualified immunity. *See* Apr. 9, 2019, MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. 80). Plaintiff's sole remaining claim alleges a violation of his Fourth

1

Amendment rights as a result of an alleged pat down. *See* FIRST AMENDED COMPLAINT FOR DAMAGES (Doc. 104).

Since then, the parties have engaged in discovery. On March 24, 2020, Plaintiff asked Defendants to provide him "[p]ictures of all male agents who participated in the search of [P]laintiff's residence in March 2017." Doc. 101-1 at 1. The United States agreed and gave Plaintiff the photographs he requested via a photo lineup. *See id.* at 2; Doc. 117 at 2; June 16, 2020, CLERK'S MINUTES (Doc. 110) (describing procedure for photo lineup).

Plaintiff's proposed second amended complaint (Doc. 116-1) seeks to substitute certain defendants but still maintains claims against Defendants Daza and Hand. The United States asserts that Defendant Daza was not present at the search of Plaintiff's residence. *See* Doc. 117 at 2. The United States further notes that during the photo lineup, Plaintiff did not identify Defendant Hand as an individual involved in the pat down. *See id.* The United States thus opposes Plaintiff's Motion only to the extent that Plaintiff continues to assert claims against Defendants Daza and Hand. *Id.* at 4. Plaintiff does not dispute the United States' contentions. Rather, he asserts that he is still "uncertain which defendant made the search." Doc. 118 at 1 (internal quotation marks omitted).

## STANDARD

"[T]he grant of leave to amend the pleadings pursuant to Federal Rule of Civil Procedure 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). The Rule itself states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc–Forsythe Corp*., 691 F.2d 449, 456 (10th Cir. 1982). Indeed, "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the

2

opposing party would result." *United States v. Hougham*, 364 U.S. 310, 316 (1960); *see also Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir. 1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim . . .  provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." (internal quotation marks omitted)). But the Court need not allow a plaintiff to amend a complaint when the amendment would be futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001).

## DISCUSSION

Because Plaintiff's allegations against Defendants Daza and Hand, as set forth in his proposed second amended complaint, would not survive a motion to dismiss, the Court finds that allowing amendment with respect to those two individual defendants would be futile. *See Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997). When ruling on a motion to dismiss, courts must "accept as true all well-pleaded factual allegations in a complaint and view [those] allegations in the light most favorable to the [non-moving party]." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). The allegations must "state a claim to relief that is plausible on its face." *Id.* (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "The claim is plausible only if it contains sufficient factual allegations to allow the court to reasonably infer liability." *Moya v. Garcia*, 895 F.3d 1229, 1232 (10th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The factual allegations must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), i.e.,

"that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Here, the United States asserts that Defendant Daza was not present at the March 2017 search, and Plaintiff does not argue otherwise. Because Defendant Daza was not present at the search, Plaintiff cannot maintain a claim against him for actions that allegedly occurred at that search. Further, when presented with photographs of the agents who were present, Plaintiff did not identify Defendant Hand as one of the agents who participated in the alleged pat down search, i.e., the basis for his sole remaining claim. Thus, Plaintiff's allegations against Defendant Hand do not rise above the speculative level. *See Twombly*, 550 U.S. at 555. Plaintiff fails to establish that his claims against either Defendant Daza or Defendant Hand have any factual foundation. *See* Fed. R. Civ. P. 11(b)(3) (explaining that when making representations to the Court, an unrepresented party certifies that "the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery). And Plaintiff has not established that additional discovery will reveal evidence to support his claims against Defendants Daza and Hand. *See Shero*, 510 F.3d at 1200. Thus, because Plaintiff's proposed second amended complaint would not survive a motion to dismiss with respect to Defendants Daza and Hand, the Court concludes that allowing Plaintiff to amend his complaint to maintain claims against Defendants Daza and Hand would be futile at this time.[1] The Court will thus grant in part and deny in part Plaintiff's Motion.

IT IS THEREFORE ORDERED THAT Plaintiff's MOTION FOR LEAVE TO AMEND COMPLAINT (Doc. 116) is GRANTED in part and DENIED in part. Plaintiff may, by

---

[1] If, after further discovery, Plaintiff obtains the identity of agents involved in the pat down, Plaintiff may move the Court to file an amended complaint.

4

October 13, 2020, file a second amended complaint consistent with this Memorandum Opinion and Order.

SENIOR UNITED STATES DISTRICT JUDGE